IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| GREGORY ANDERSON, | )<br>) |
| Plaintiff, | )<br>) 2:17-CV-01492-CRE |
| vs. | )<br>) |
| ONE THREE FIVE, INC., | )<br>) |
| Defendant, | )<br>) |

**MEMORANDUM OPINION**[1]

CYNTHIA REED EDDY, United States Magistrate Judge.

I. **INTRODUCTION**

This is a civil action commenced on November 16, 2017 by Plaintiff Gregory Anderson (hereinafter "Plaintiff" or "Anderson"), a former employee of One Three Five, Inc., d/b/a Blush Gentlemen's Club and Sports Bar (hereinafter "Blush") after he was terminated from a work assignment at Blush. Plaintiff's complaint against Blush sets forth the following claims: (1) a race discrimination in contracts for termination claim pursuant to 42 U.S.C. § 1981(a); (2) a race discrimination in contracts for hostile work environment claim pursuant to 42 U.S.C. § 1981(a); (3) a race discrimination claim for termination pursuant to 42 U.S.C. § 2000e, *et seq.* ("Title VII"); (4) a Pennsylvania state law race discrimination claim for termination pursuant to 43 P.S. § 955, et seq., (Pennsylvania Human Relations Act "PHRA"); (5) a race discrimination claim for hostile work environment pursuant to Title VII; (6) a Pennsylvania state law race discrimination claim for hostile work environment pursuant to the PHRA; and (7) a Pennsylvania Wage Payment and

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

1

Collection Law, 43 P.S. §333.104(c) ("WPCL") claim for unpaid wages. This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. §§ 1331 and 1367(a). Presently for disposition is Blush's motion to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss (ECF No. 10).

For the reasons that follow, Blush's motion to dismiss is denied in its entirety.

## II.     BACKGROUND

The facts recounted here are from Plaintiff's complaint and taken as true for purposes of this motion. Plaintiff is an African American male who has previously worked for Blush in its kitchen and was terminated. On or about October 14, 2016, Plaintiff was contacted by Tom Naylor ("Naylor") on behalf of Blush and was offered to be rehired as an assistant kitchen manager. Naylor offered Plaintiff $30,000 per year, or $14.50 per hour. Plaintiff accepted the offer and returned to work on October 17, 2016.

When Plaintiff returned to work, he was informed by several individuals in management positions at Blush that he was originally terminated because he was African American. On or about October 18, 2016, Naylor made racially harassing comments to Plaintiff including that Plaintiff would likely be fired soon because the ownership wanted to hire more white people, because according to Blush's owner, "it is too dark in the kitchen." Throughout Plaintiff's employment, he was referred to as "Blackie" and "Darkie." Am. Compl. (ECF No. 8) at ¶¶ 8-10

On Plaintiff's first payday, on or about November 4, 2016, his paycheck was not available. Instead, Plaintiff was paid with a personal check and was paid approximately $1.50 less per hour than what was agreed to on October 14, 2016. Plaintiff was not provided with a paystub or any documentation outlining the taxes that were withheld from his pay. Plaintiff informed the management of this problem, who promised to address Plaintiff's concerns. On Plaintiff's second

2

payday, on or about November 18, 2016, Plaintiff's paycheck was not available. Instead, Plaintiff was again paid with a personal check and was paid approximately $1.50 per hour less than what was agreed to on October 14, 2016. Again, Plaintiff was not provided with a paystub or any documentation outlining the taxes that were withheld from his pay. Plaintiff brought his concerns to the attention of management who promised to fix the problem.

On or about November 22, 2016, Plaintiff's manager informed Plaintiff that he was complaining about his pay too often. On or about November 23, 2016, Naylor informed Plaintiff that he was going to be terminated due to customer complaints. Anderson's manager, who was present during Naylor's comments said, "why did you say that, I wanted to let him go because of him complaining about his rate." *Id*. at ¶ 21. On November 30, 2016, Plaintiff's manager confessed to Plaintiff that Naylor instructed him to falsely reprimand Plaintiff "so it would look good for the unemployment case." *Id*. at ¶ 22. Plaintiff was again terminated from his employment on November 30, 2016.

Blush now moves to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**III.    STANDARD OF REVIEW**

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A

3

complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally can consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

### IV. DISCUSSION

At the outset, Blush attaches to its motion to dismiss exhibits which appear to be, *inter alia*, payroll information pertaining to Plaintiff, a text message from an unknown sender to an unknown recipient and a Notice of Determination from Plaintiff's unemployment compensation matter. A court can only consider "undisputedly authentic" documents that a defendant attaches to its motion to dismiss if the plaintiff's claims are based on said document without converting the motion to dismiss into one for summary judgment. *See Pension Benefit Guar. Corp.,* 998 F.2d at 1196. The payroll information and the anonymous text message are not "undisputedly authentic documents"

5

and cannot be considered by the court in deciding the pending motion to dismiss. Moreover, while a court can consider documents that form the basis of a claim, the Notice of Determination from Plaintiff's unemployment compensation matter has no bearing on Plaintiff's present claims of race discrimination and wage payment violations. Accordingly, those exhibits cannot be considered by the court in deciding the pending motion to dismiss. Additionally, Blush spends much of its brief setting forth an alternative fact pattern surrounding Plaintiff's termination and ostensibly asks the court to credit its version of the events leading to Plaintiff's termination. *See* Br. in Supp. of Mot. to Dismiss (ECF No. 11) at 1-2, 13, 15. Consideration of a defendant's affirmative defenses or its legitimate non-discriminatory reason for an adverse employment action is not proper to consider on a motion to dismiss and will not be recounted or considered here.

Turning to Blush's substantive arguments, first, Blush argues that Plaintiff has failed to exhaust his administrative remedies because he named "Blush" in his EEOC Charge of Discrimination instead of the legal entity "One Three Five, Inc." as his employer and he therefore cannot now name "One Three Five, Inc." as a defendant in this case.

Under 42 U.S.C. § 2000e-5(f)(1), a civil action may be brought against an employer that is named in the Charge of Discrimination. If an employer is not specifically named in the Charge of Discrimination, a civil suit may still be brought against it if the unnamed party received notice of the EEOC complaint and there is a shared commonality of interest with the named and unnamed parties. *Schafer v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh, Pa.*, 903 F.2d 243, 252 (3d Cir. 1990).

Blush contends that because "One Three Five was never named by Anderson in his verified EEOC charge, no notice was afforded [sic] the employer." *See* Br. in Supp. of Mot. to Dismiss (ECF No. 11) at 6. Blush further argues that because Plaintiff did not specifically name "One

6

Three Five, Inc." as his employer in his EEOC charge, he cannot bring suit against it here.

Blush's arguments are rejected. There is a shared commonality of interest between "Blush" and "One Three Five, Inc.," as Blush is the fictitious or operating name of "One Three Five, Inc."[2] Moreover, for purposes of this motion, it is reasonable that One Three Five, Inc. received notice of the EEOC Charge initiated by Plaintiff proceeding *pro se*. Plaintiff listed "Blush" as his employer on his Charge of Discrimination and listed its address as 135 9th Street, Pittsburgh, PA 15222. Blush operates at that address and One Three Five, Inc. lists its corporate address as 135 9th Street, Pittsburgh, PA 15222.[3] A search of the Pennsylvania Department of State website of One Three Five, Inc.'s corporate officers reveals that Albert Bortz is the president of One Three Five, Inc. and lists his address as 135 9th Street Pittsburgh, PA 15222.[4] Albert Bortz was copied on Plaintiff's EEOC right to sue letter. *See* EEOC Right to Sue Letter of 9/12/2017 [ECF No. 16-2]. Further, Deborah R. Erbstein, Esq., who is counsel of record in this case, was copied on Plaintiff's EEOC right to sue letter. *See id*. Therefore, it is quite obvious to the court that the notice requirement has been met and the court rejects Blush's argument that One Three Five, Inc. did not have notice of the EEOC Charge of Discrimination. The court likewise rejects Blush's argument that it was not specifically named in the EEOC charge and cannot be sued here. Blush's motion to dismiss is therefore denied in this respect.

---

[2] Moreover, a search of "One Three Five, Inc." in the Western District of Pennsylvania resulted in at least one case initiated by One Three Five, Inc., as "trading and doing business as" "Blush" and which One Three Five, Inc., asserts in its complaint that it is a "Pennsylvania corporation with a business address of 135 Ninth Street, Pittsburgh, Allegheny County, Pennsylvania 15219." See One Three Five, Inc. T/D/B/A Blush v. The City of Pittsburgh, et. al., 2:13-cv-467 (W.D.Pa. 2013) (See Compl. at ECF No. 1 ¶ 1).

[3] Pennsylvania Department of State. 2018. [online] Available at: https://www.corporations.pa.gov/Search/corpsearch (entity number 3806321) [last accessed 12 Jul. 2018].

[4] *See id.*

Next, Blush argues that Plaintiff's Title VII claims should be dismissed because "Blush" is a non-existent entity and cannot be an employer for Title VII purposes, "Blush" has no employees and Plaintiff's allegations that Blush has more than fifteen employees is not enough to survive a motion to dismiss. *See* Br. in Supp. of Mot. to Dismiss (ECF No. 11) at 8.

Seemingly, Blush's argument relies on its preceding argument that because "Blush" is the fictitious operating name of One Three Five, Inc., that it cannot be considered Plaintiff's "employer." Blush further takes issue with Plaintiff referring to it using its fictitious operating name throughout his complaint. These arguments are unconvincing. Plaintiff specifically names "One Three Five, Inc. d/b/a Blush Gentlemen's Club and Sports Bar" as the Defendant in this case. Further, in the operative complaint, he indicates that he will reference this legal name by abbreviating it to its fictitious operating name – "Blush." *See* Am. Compl. (ECF No. 8) at ¶ 5. Therefore, it is obvious that Plaintiff's reference to "Blush" throughout the operative complaint is a reference to the legal entity One Three Five, Inc. d/b/a Blush Gentlemen's Club and Sports Bar and Blush's argument that it is a non-existent entity with no employees is rejected. To the extent that Blush argues that Plaintiff does not include enough factual averments to set forth that it has 15 or more employees for Title VII purposes, this argument is also rejected, as Plaintiff adequately states in the operative complaint under its Title VII claims that Blush "employs more than fifteen (15) employees" and is therefore an employer under Title VII. *See* Am. Compl. [ECF No. 8] at ¶¶ 38, 50. This is enough to allege that Blush is an employer for Title VII purposes. Accordingly, Blush's motion to dismiss will be denied in this respect.

Next, Blush argues that Plaintiff has failed to state a claim for a violation of the WPCL. At the outset, Blush argues that Plaintiff has not alleged any facts that tend to show that Blush violated any minimum wage or overtime wage requires. Plaintiff responds that it is not alleging

that Blush violated any minimum or overtime wage requirements, but rather that he is asserting a claim "under 43 P.S. § 333.108, as Defendant did not provide Plaintiff with paystubs outlining his tax deductions for two pay periods" and it "did not pay Plaintiff his agreed upon hourly rate." Pl.'s Resp. (ECF No. 16) at 8.

Section 333.108 of the WPCL provides as follows:

> Every employer of employes shall keep a true and accurate record of the hours worked by each employe and the wages paid to each, and shall furnish to the secretary or his or her duly authorized representative, upon demand, a sworn statement of the same. Such records shall be open to inspection by any duly authorized representative of the secretary at any reasonable time and shall be preserved for a period of three years. Every employer subject to this act shall keep a summary of this act and any regulations issued thereunder applicable to him or her, posted in a conspicuous place where employes normally pass and can read it. Employers shall, upon request, be furnished copies of such summaries without charge. Employers shall permit any duly authorized representative of the secretary to interrogate any employe in the place of employment and during work hours with respect to the wages paid to and the hours worked by such employe or other employes.

43 P.S. § 333.108.

It is unclear whether Section 333.108 of the WPCL creates a private right of action, and because neither party raised this issue, the court will not make a determination as to whether Plaintiff has any private remedies under this section and can maintain this claim. *See Ellis v. Edward D. Jones & Co., L.P.*, 527 F. Supp. 2d 439, 453 (W.D. Pa. 2007) (dismissing private cause of action set forth under 43 P.S. § 333.108 for "failure to keep adequate records of hours worked and overtime hours, and to furnish statements of hours work to Plaintiffs" with prejudice, noting that the only remedy for a violation of this section "belongs to the state"); *Lynn v. Jefferson Health System*, CIV 09-6086, 2010 WL 3656634, at *4 (E.D. Pa. Sept. 15, 2010) (recognizing the ambiguity of whether a private right of action exists under 43 P.S. § 333.108).

Next, Blush argues that Plaintiff has not alleged sufficient facts supporting his stated claims

pursuant to 42 U.S.C. § 1981(a). Specifically, Blush alleges that Plaintiff "has failed to make the required allegation that a non-existent "Blush Nightclub" and/or its agents[] alleged conduct was caused by racial animus." Def.'s Br. in Supp. of Mot. to Dismiss (ECF No. 11) at 12. Primarily, Blush's argument that it is a non-existent entity is rejected as explained *supra*. To the extent that Blush argues that Plaintiff has not sufficiently alleged that he was deprived of his right to contract due to his race, this argument is likewise rejected.

42 U.S.C. § 1981 prohibits racial discrimination in, *inter alia*, the making and enforcement of contracts. Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). To state a claim under Section 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts. . . ." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (citations and internal quotation marks omitted).

Here, Plaintiff has adequately alleged the elements of a Section 1981 claim. He has alleged he is an African American and that Blush breached its contractual obligations to Plaintiff by firing him because of his race. In support of this, Plaintiff alleges that other employees informed him upon his return to employment that he had originally been terminated because of his race, that Naylor made racially harassing comments to Plaintiff and informed Plaintiff that he would "likely be fired soon, as the ownership wanted to hire more white people, and according to [Blush's

owner], 'it is too dark in the kitchen'" ostensibly meaning too many African Americans worked in the kitchen, and Plaintiff was referred to as "Blackie" and "Darkie" throughout his employment at Blush. Am. Compl. (ECF No. 8) at ¶¶ 8-10. Taking this conduct into consideration, it is also reasonable to infer that Plaintiff was not paid the hourly rate allegedly agreed upon because of his race. Plaintiff has therefore made a *prima facie* showing of the elements of his Section 1981 claims and Blush's motion to dismiss is denied in this respect.[5]

Next, Blush argues that Plaintiff's PHRA claims should be dismissed, and asks this court to believe its version of events related to Plaintiff's termination. As previously mentioned, it is inappropriate at the motion to dismiss stage to ask a court to credit one party's version of events and consider a defendant's affirmative defenses or its legitimate non-discriminatory reasons for termination, and for this reason, its arguments are summarily dismissed and its motion to dismiss is denied in this respect.

Lastly, Blush argues that Plaintiff has failed to exhaust his administrative remedies under the PHRA and argues, *in toto*, "Anderson has failed to exhaust their [sic] administrative remedies set forth in the PHRA." Def.'s Br. in Supp. of Mot. to Dismiss (ECF No. 11) at 16. Blush provides no analysis explaining how Plaintiff has failed to exhaust his administrative remedies under the PHRA, and therefore Blush's argument is summarily rejected and its motion is denied in this respect.

## V. CONCLUSION

Based on the foregoing, the motion to dismiss filed by Blush is denied in its entirety. Blush

---

[5] The remainder of Blush's arguments in this section set forth an alternative fact pattern surrounding Plaintiff's termination not set forth in the complaint and will not be credited here, as consideration of a defendant's affirmative defenses or its legitimate non-discriminatory reasons for termination is not proper for a court to consider on a motion to dismiss. Therefore, the remainder of Blush's arguments are summarily dismissed.

11

shall file an answer on or before July 26, 2018.

An appropriate Order follows.


Dated: July 12, 2018

By the Court,
s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge


cc: All counsel of record via CM/ECF electronic filing